```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

NICHOLAS BOCCIO,                     :
        Plaintiff,                   :
                                     :
    v.                               :  Case No. 3:13-cv-1390(RNC)
                                     :
LEO C. ARNONE, et al.,               :
        Defendants.                  :
```

RULING AND ORDER

On September 23, 2013, plaintiff Nicholas Boccio - a Connecticut prisoner then incarcerated in Massachusetts under the New England Interstate Corrections Compact, Conn. Gen. Stat. § 18-102 - petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2241 and declaratory and injunctive relief under 28 U.S.C. §§ 2201, 2202 (ECF No. 1) and for a temporary restraining order (ECF No. 4). Defendant Arnone's response noted that plaintiff had been transferred to Garner Correctional Institution ("Garner"), a Connecticut facility.[1] In light of plaintiff's transfer, the Court denied his motion for a temporary restraining order and dismissed the complaint without prejudice to refiling if circumstances in the Connecticut Department of Correction formed the basis for an action (ECF No. 7). Plaintiff's pending

---

[1] The Court independently confirmed plaintiff's transfer through the Connecticut Department of Correction Inmate Information Search. The Court is permitted to take judicial notice of plaintiff's transfer. See Fed. R. Evid. 201(b)(2); cf. Gilbeau v. Pallito, No. 1:11-CV-232, 2012 WL 2416719, at *7 (D. Vt. May 22, 2012) ("A printout of an inmate's movement history has been held to qualify as a public document that is eligible for judicial notice.") (citing cases).

motion asks the Court to reconsider this decision and provide relief under Federal Rule of Civil Procedure 60(b).  For the reasons that follow, plaintiff's motion is denied.[2]

I. Petition for Writ of Habeas Corpus (ECF No. 1)

Plaintiff initiated this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the conditions of his confinement and seeking injunctive relief.[3]  He named as defendants former Commissioner of the Connecticut Department of Correction ("CTDOC") Leo Arnone and Commissioner of the Massachusetts Department of Correction ("MADOC") Luis Spencer.

"In the context of prisoner complaints, courts have dismissed as moot motions or claims seeking injunctive or declaratory relief against officials at a prison where the plaintiff is no longer incarcerated."  Malik v. Tanner, 87 CIV. 5740 (SWK), 1988 WL 25239 (S.D.N.Y. Feb. 29, 1988) (citing cases).  Because all of plaintiff's claims depended on his status as a Connecticut prisoner in Massachusetts or sought relief from

---

[2] To the extent the motion for reconsideration seeks to bring new claims alleging that conditions in Connecticut form the basis for an action, those claims are construed as a motion for leave to amend and are analyzed accordingly in the accompanying ruling.

[3] As described in the accompanying ruling on plaintiff's motion for leave to amend, § 2241 is not the proper vehicle for a state prisoner's challenge to conditions of confinement, which must instead be brought under 18 U.S.C. § 1983.

MADOC and Massachusetts prison staff, his transfer to Connecticut mooted his claims. See Young v. Coughlin, 866 F.2d 567, 668 n.1 (2d Cir. 1989) (explaining that transfer mooted petitioner's claim for declaratory and injunctive relief under § 1983); Razzoli v. Strada, 2013 WL 837277 at *2 (E.D.N.Y Mar. 6, 2013)("A § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility.").

The only claim for relief in plaintiff's initial complaint that implicated the CTDOC was his request that he be released in Massachusetts, a decision that, pursuant to the New England Interstate Corrections Compact, must be agreed upon jointly between the inmate and the sending (Connecticut) and receiving (Massachusetts) states. See Conn. Gen. Stat. § 18-102 art. IV(g) (explaining that inmates confined pursuant to the Compact are to be released within the territory of the sending state unless the inmate, sending, and receiving states agree otherwise). Because plaintiff is no longer housed in Massachusetts pursuant to the Compact, however, this claim, too, is mooted by his transfer.

Because plaintiff fails to demonstrate a basis for relieving him from the Court's order dismissing his case, he is not entitled to relief under Rule 60(b).

II. Temporary Restraining Order (ECF No. 4)

Plaintiff requested an emergency temporary restraining order without notice to defendants. Specifically, he requested an ex parte temporary restraining order requiring Massachusetts prison staff to release him in Massachusetts instead of Connecticut, provide him with reentry services, maintain him in a single cell while incarcerated, and store his personal property - including legal papers - upon his release. In explaining the urgency of his request, plaintiff noted that he would be released around September 18, 2013, and that he would be irreparably harmed if not granted the requested relief in advance of his release.[4] Again, because plaintiff sought injunctive relief against Massachusetts prison officials relating to his status as a prisoner in Massachusetts, his transfer to a Connecticut facility mooted his claims.[5]

---

[4] The Connecticut Department of Correction Inmate Information Search, http://www.ctinmateinfo.state.ct.us/, shows that plaintiff's maximum release date is currently listed as May 15, 2014.

[5] Plaintiff's contention that his claim against the Massachusetts Department of Correction is not moot because his documents remain in MADOC custody is unavailing. In his prior motion, plaintiff asked the Court to order Massachusetts prison staff to store his property upon his release; otherwise, he explained, anything that he could not carry would be destroyed. Pl's Emergency Ex Parte Motion at 5-6 (ECF No. 4). In the present motion, plaintiff alleges that Massachusetts prison staff improperly kept his documents in long-term storage after his transfer to Garner and have failed to return legal documents that he sent to the law library for photocopying prior to his transfer. These claims are distinct from those that formed the

In addition, plaintiff argues that the Court erred in notifying defendants about his ex parte motion. However, a party is not entitled to a temporary restraining order without notice to the adverse party unless "specific facts in an affidavit or verified complaint . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Sasmor v. Powell, 11-CV-4645 KAM JO, 2011 WL 4460461, at *1 (E.D.N.Y. Sept. 26, 2011) (citing Fed. R. Civ. P. 65(b)(1)). Plaintiff's submission did not make the required showing. Thus, the Court's decision to notify the defendants about plaintiff's request for a temporary restraining order was not improper.[6]

Accordingly, the plaintiff is not entitled to relief from the Court's denial of his ex parte motion for injunctive relief (ECF No. 4) under Rule 60(b).

---

basis for his prior request for relief and will be construed as part of plaintiff's renewed request for injunctive relief and analyzed accordingly. See the accompanying Initial Review Order.

[6] Plaintiff's additional allegations of procedural error are without merit. To the extent plaintiff complains that the Court improperly ruled on his claims on a Sunday, he is informed that the Court is not restricted to ruling on motions only when the courthouse is open to the public. Plaintiff further asserts that the Court should have given him a chance to reply to defendants' response to his complaint before dismissing the case. As described above, however, the Court took judicial notice of plaintiff's transfer, which mooted his claims.

III. Conclusion

    Accordingly, plaintiff's motion for reconsideration [ECF No. 11] is hereby denied.

    So ordered this 26th day of November, 2013.

                                       /s/RNC
                            Robert N. Chatigny
                      United Stated District Judge