```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

NICHOLAS BOCCIO,                    :
        Plaintiff,                  :
                                    :
   v.                               :   Case No. 3:13-cv-1390(RNC)
                                    :
LEO C. ARNONE, et al.,              :
        Defendants.                 :
```

RULING AND ORDER

Plaintiff initiated this action pro se as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against former Commissioner of the Connecticut Department of Correction ("CTDOC") Leo Arnone and Commissioner of the Massachusetts Department of Correction ("MADOC") Luis Spencer, challenging the conditions of his confinement and seeking declaratory and injunctive relief.  The Court denied plaintiff's request for a temporary restraining order and dismissed his habeas petition without prejudice to refiling if circumstances in Connecticut formed the basis for an action (ECF No. 7).  Plaintiff has filed a motion for reconsideration in which he states that his rights continue to be violated after his transfer.  The Court will construe the pro se motion as seeking leave to submit an amended complaint and as a request for a temporary restraining order against James Dzurenda, Interim Commissioner of the CTDOC.[1]

---

[1] James Dzurenda, the current interim commissioner following Commissioner Arnone's retirement, is an appropriate substitute party under Federal Rule of Civil Procedure 25(d).

I. Complaint

Plaintiff initiated this action as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Section 2241, however, is not available to state prisoners, who must instead petition for habeas relief under 28 U.S.C. § 2254.  See, e.g., Cook v. New York State Div. Of Parole, 321 F.3d 274 (2d Cir. 2003) ("A state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence-in this case with respect to revocation of Cook's parole-under section 2254. A petition under section 2241 is therefore unavailable to him.").  Furthermore, although federal prisoners may challenge conditions of confinement under § 2241, "[t]he Second Circuit has not yet extended this ability to persons in state custody."  Hargrove v. Dep't Of Correction, 3:09CV876WWE, 2009 WL 2372165, at *1 (D. Conn. July 30, 2009). Instead, plaintiff must bring his claims under 42 U.S.C. § 1983. See Peralta v. Vasquez, 467 F.3d 98, 102 (2d Cir. 2006) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").[2]

---

[2] Moreover, plaintiff has not satisfied the exhaustion prerequisite to habeas corpus relief; he has failed to demonstrate exhaustion of all available state remedies as

"If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks."  Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).  Accordingly, the Court will construe plaintiff's motion as seeking leave to file an amended civil rights action under § 1983.

Plaintiff seeks reentry services and storage of his belongings upon release as well as release in or transportation to his home area in Massachusetts.  He further requests an injunction requiring that he be single-celled, alleging that housing him in a double cell could cause psychiatric problems, violence, and self-injury.  The Court grants plaintiff leave to bring these claims in an amended complaint under § 1983 against defendant Dzurenda in his official capacity.[3]  If plaintiff seeks leave to proceed in forma pauperis, the amended complaint must be

---

required to bring an action under § 2254.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The possibility that the plaintiff may still obtain state review of his claims would preclude federal review of his claims under § 2254.

[3] Because plaintiff does not allege personal involvement but rather seeks declaratory and injunctive relief on the basis of supervisory responsibility, individual liability is inappropriate. E.g., Smith v. Muccino, 223 F. Supp. 2d 396, 403 (D. Conn. 2002) ("[P]ersonal involvement is not a prerequisite to injunctive relief, and such relief may be had against officers in their official capacity.").

accompanied by a properly filed motion for leave to proceed in forma pauperis.

This Court is not the appropriate venue for plaintiff's unrelated claim against MADOC Commissioner Spencer, which alleges that certain documents and legal materials were not transferred with him to Connecticut as required by Massachusetts state law. A claim alleging a violation of Massachusetts law that occurred in Massachusetts against a Massachusetts state official is not properly before this Court.  Accordingly, plaintiff may not bring a claim against Spencer as part of his amended complaint.

II. Temporary Restraining Order

To the extent that plaintiff renews his request for a temporary restraining order, his request is denied.

The Court may issue a temporary restraining order when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).  Moreover, to warrant preliminary injunctive relief, the moving party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground

for litigation and a balance of hardships tipping decidedly in the movant's favor."  Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002).  A party seeking a mandatory injunction, such as one that alters the status quo by commanding the defendant to perform a positive act, must meet a higher standard and "make a clear or substantial showing of a likelihood of success on the merits."  Jarecke v. Hensley, 552 F. Supp. 2d 261, 264 (D. Conn. 2008) (citing D.D. ex rel. V.C. v. New York City Bd. Of Educ., 465 F.3d 503, 510 (2d Cir. 2006)).  Plaintiff fails to make the required showing.

    Plaintiff seeks a temporary restraining order requiring single-celling, release in Massachusetts, and reentry services and temporary storage of his belongings upon release.  As to his request to be single celled, he fails to demonstrate a likelihood of success on the merits.  See Sosa v. Lantz, 660 F. Supp. 2d 283, 290-91 (D. Conn. 2009) (denying prisoner's request for preliminary injunction requiring that he be single-celled because of his failure to demonstrate likelihood of success on the merits); Jarecke, 552 F. Supp. 2d at 266 (denying prisoner's motion for a preliminary injunction requiring that he be housed in a single cell due to mental illness because of his failure to demonstrate a likelihood of success on the merits).  Nor does plaintiff demonstrate that he risks immediate or irreparable harm with respect to his requests for release and reentry services.

As discussed in the accompanying ruling on plaintiff's motion for reconsideration, his release no longer appears to be imminent. Finally, as described above, to the extent plaintiff seeks relief from Massachusetts officials, this Court is not the appropriate venue for his claims. Thus, plaintiff's request for a temporary restraining order is denied without prejudice.

III. Conclusion

The Court hereby orders that the claims against defendant Spencer are dismissed without prejudice to refiling in Massachusetts. Plaintiff's request for a temporary restraining order is denied without prejudice. Plaintiff will be permitted to file an amended complaint bringing his claims for injunctive relief against defendant Dzurenda in his official capacity upon payment of the required filing fee or granting of a properly filed motion for leave to proceed in forma pauperis. **Plaintiff's amended complaint accompanied by the required filing fee or a properly filed motion for leave to proceed in forma pauperis must be filed by December 27, 2013.**

No other claims will be allowed except pursuant to an order granting a properly filed motion for leave to file a second amended complaint. No such motion will be accepted by the Clerk unless the defendants have appeared in the case and the plaintiff certifies that the motion has been served on them.

Failure to comply with this order may result in dismissal of this action without prejudice.

So ordered this 26th day of November, 2013.

                                      /s/RNC
                            Robert N. Chatigny
                    United States District Judge