UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS BOCCIO,                    :
        Plaintiff,                  :
                                    :
    v.                              :   Case No. 3:13-cv-1390(RNC)
                                    :
LEO C. ARNONE, et al.,              :
        Defendants.                 :

RULING AND ORDER

Plaintiff initiated this action pro se as a petition for a
writ of habeas corpus under 28 U.S.C. § 2241 against former
Commissioner of the Connecticut Department of Correction
("CTDOC") Leo Arnone and Commissioner of the Massachusetts
Department of Correction ("MADOC") Luis Spencer, challenging the
conditions of his confinement and seeking declaratory and
injunctive relief.  The Court denied plaintiff's request for a
temporary restraining order and dismissed his habeas petition
without prejudice to refiling if circumstances in Connecticut
formed the basis for an action (ECF No. 7).  Plaintiff has filed
a motion for reconsideration in which he states that his rights
continue to be violated after his transfer.  The Court will
construe the pro se motion as seeking leave to submit an amended
complaint and as a request for a temporary restraining order
against James Dzurenda, Interim Commissioner of the CTDOC.[1]

_____

[1] James Dzurenda, the current interim commissioner following
Commissioner Arnone's retirement, is an appropriate substitute
party under Federal Rule of Civil Procedure 25(d).

I. Complaint

Plaintiff initiated this action as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Section 2241, however, is not available to state prisoners, who must instead petition for habeas relief under 28 U.S.C. § 2254.  See, e.g., Cook v. New York State Div. Of Parole, 321 F.3d 274 (2d Cir. 2003) ("A state prisoner . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence-in this case with respect to revocation of Cook's parole-under section 2254. A petition under section 2241 is therefore unavailable to him.").  Furthermore, although federal prisoners may challenge conditions of confinement under § 2241, "[t]he Second Circuit has not yet extended this ability to persons in state custody." Hargrove v. Dep't Of Correction, 3:09CV876WWE, 2009 WL 2372165, at *1 (D. Conn. July 30, 2009). Instead, plaintiff must bring his claims under 42 U.S.C. § 1983. See Peralta v. Vasquez, 467 F.3d 98, 102 (2d Cir. 2006) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").[2]

---

[2]  Moreover, plaintiff has not satisfied the exhaustion prerequisite to habeas corpus relief; he has failed to demonstrate exhaustion of all available state remedies as

"If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008). Accordingly, the Court will construe plaintiff's motion as seeking leave to file an amended civil rights action under § 1983.

Plaintiff seeks reentry services and storage of his belongings upon release as well as release in or transportation to his home area in Massachusetts. He further requests an injunction requiring that he be single-celled, alleging that housing him in a double cell could cause psychiatric problems, violence, and self-injury. The Court grants plaintiff leave to bring these claims in an amended complaint under § 1983 against defendant Dzurenda in his official capacity.[3] If plaintiff seeks leave to proceed in forma pauperis, the amended complaint must be

---

required to bring an action under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The possibility that the plaintiff may still obtain state review of his claims would preclude federal review of his claims under § 2254.

[3] Because plaintiff does not allege personal involvement but rather seeks declaratory and injunctive relief on the basis of supervisory responsibility, individual liability is inappropriate. E.g., Smith v. Muccino, 223 F. Supp. 2d 396, 403 (D. Conn. 2002) ("[P]ersonal involvement is not a prerequisite to injunctive relief, and such relief may be had against officers in their official capacity.").

accompanied by a properly filed motion for leave to proceed in
forma pauperis.

This Court is not the appropriate venue for plaintiff's
unrelated claim against MADOC Commissioner Spencer, which alleges
that certain documents and legal materials were not transferred
with him to Connecticut as required by Massachusetts state law.
A claim alleging a violation of Massachusetts law that occurred
in Massachusetts against a Massachusetts state official is not
properly before this Court.  Accordingly, plaintiff may not bring
a claim against Spencer as part of his amended complaint.

II. Temporary Restraining Order

To the extent that plaintiff renews his request for a
temporary restraining order, his request is denied.

The Court may issue a temporary restraining order when
"specific facts in an affidavit or a verified complaint clearly
show that immediate and irreparable injury, loss, or damage will
result to the movant before the adverse party can be heard in
opposition" and the movant "certifies in writing any efforts made
to give notice and the reasons why it should not be required."
Fed. R. Civ. P. 65(b).  Moreover, to warrant preliminary
injunctive relief, the moving party must demonstrate "(1)
irreparable harm in the absence of the injunction and (2) either
(a) a likelihood of success on the merits or (b) sufficiently
serious questions going to the merits to make them a fair ground

for litigation and a balance of hardships tipping decidedly in
the movant's favor." Random House, Inc. v. Rosetta Books LLC,
283 F.3d 490, 491 (2d Cir. 2002).  A party seeking a mandatory
injunction, such as one that alters the status quo by commanding
the defendant to perform a positive act, must meet a higher
standard and "make a clear or substantial showing of a likelihood
of success on the merits." Jarecke v. Hensley, 552 F. Supp. 2d
261, 264 (D. Conn. 2008) (citing D.D. ex rel. V.C. v. New York
City Bd. Of Educ., 465 F.3d 503, 510 (2d Cir. 2006)).  Plaintiff
fails to make the required showing.

Plaintiff seeks a temporary restraining order requiring
single-celling, release in Massachusetts, and reentry services
and temporary storage of his belongings upon release.  As to his
request to be single celled, he fails to demonstrate a likelihood
of success on the merits.  See Sosa v. Lantz, 660 F. Supp. 2d
283, 290-91 (D. Conn. 2009) (denying prisoner's request for
preliminary injunction requiring that he be single-celled because
of his failure to demonstrate likelihood of success on the
merits); Jarecke, 552 F. Supp. 2d at 266 (denying prisoner's
motion for a preliminary injunction requiring that he be housed
in a single cell due to mental illness because of his failure to
demonstrate a likelihood of success on the merits).  Nor does
plaintiff demonstrate that he risks immediate or irreparable harm
with respect to his requests for release and reentry services.

5

As discussed in the accompanying ruling on plaintiff's motion for reconsideration, his release no longer appears to be imminent. Finally, as described above, to the extent plaintiff seeks relief from Massachusetts officials, this Court is not the appropriate venue for his claims.  Thus, plaintiff's request for a temporary restraining order is denied without prejudice.

III. Conclusion

The Court hereby orders that the claims against defendant Spencer are dismissed without prejudice to refiling in Massachusetts.  Plaintiff's request for a temporary restraining order is denied without prejudice.  Plaintiff will be permitted to file an amended complaint bringing his claims for injunctive relief against defendant Dzurenda in his official capacity upon payment of the required filing fee or granting of a properly filed motion for leave to proceed in forma pauperis. **Plaintiff's amended complaint accompanied by the required filing fee or a properly filed motion for leave to proceed in forma pauperis must be filed by December 27, 2013.**

No other claims will be allowed except pursuant to an order granting a properly filed motion for leave to file a second amended complaint.  No such motion will be accepted by the Clerk unless the defendants have appeared in the case and the plaintiff certifies that the motion has been served on them.

Failure to comply with this order may result in dismissal of this action without prejudice.

So ordered this 26th day of November, 2013.

_____
/s/RNC
Robert N. Chatigny
United States District Judge